UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYRIAM ROA RESTREPO,<br><br>    Petitioner,<br><br>v.<br><br>KRISTI NOEM, ET AL.,<br><br>    Respondents. | Case No. 2:26-cv-01735-AJR<br><br>**MEMORANDUM DECISION AND ORDER** |

## I.

## INTRODUCTION & PROCEDURAL HISTORY

On February 18, 2026, Petitioner Myriam Roa Restrepo ("Petitioner"), an immigration detainee represented by counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (the "Petition"), challenging her immigration detention at the Adelanto Detention Center in Adelanto, California.  (Dkt. 1 at 2-3.) Petitioner is a citizen of Columbia in the custody of U.S. Immigration and Customs Enforcement ("ICE"), a component of the Department of Homeland Security ("DHS").  (Id. at 2; Dkt. 1-2 at 2.)  On November 29, 2024, Petitioner crossed into the United States from Mexico with her spouse, Edgar De Jesus Rivera Sanchez, and was apprehended by border patrol agents.  (Dkt. 1 at 2; Dkt. 1-2 at 2.)

1   Petitioner was then released on her own recognizance pursuant to an Order of
2   Release on Recognizance ("OROR"). (Dkt. 1 at 2; Dkt. 1-2 at 2, 9.) Petitioner was
3   ordered to appear before an immigration judge in Van Nuys, California,
4   approximately seven months later. (Dkt. 1 at 2; Dkt. 1-2 at 2, 5-7, 11.) DHS
5   provided an initial Notice to Appear requiring Petitioner to appear in immigration
6   court on July 2, 2025, (Dkt. 1-2 at 5-7), but later provided an amended Notice to
7   Appear requiring Petitioner to appear in immigration court on June 24, 2025. (Id. at
8   11.)

9       On June 24, 2025, Petitioner appeared in-person with her husband, Mr. Rivera
10  Sanchez, without representation, for her first hearing before the Van Nuys
11  Immigration Court. (Dkt. 1 at 2; Dkt. 1-2 at 2.) At the hearing, DHS moved to
12  dismiss the proceedings with prejudice pursuant to 8 C.F.R. §§ 239.2(a)(7), 1239(c),
13  based on the determination that circumstances after issuance of the Notice to Appear
14  had changed to such an extent that continuation was no longer in the best interest of
15  the government. (Dkt. 1-2 at 2; 15.) Immediately following the hearing, Petitioner
16  was arrested outside of court. (Dkt. 1 at 2; Dkt. 1-2 at 3.) Petitioner was not
17  provided with any notice or provided a pre-deprivation hearing. (Dkt. 1 at 2; Dkt. 1-
18  2 at 3.) Petitioner does not have any criminal history. (Dkt. 1-2 at 3, 28.)

19      On February 26, 2026, Respondents Kristi Noem, in her official capacity as
20  Secretary of DHS, Pamela Bondi, in her official capacity as U.S. Attorney General,
21  Todd Lyons, in his official capacity as Acting Director of ICE, Fereti Semaia, in his
22  official capacity as Warden, Adelanto Detention Facility, and Jaime Rios, in his
23  official capacity as Field Office Director for Enforcement and Removal Operations,
24  Los Angeles Field Office (collectively "Respondents") filed an Answer to the
25  Petition (the "Answer"). (Dkt. 9.) On March 5, 2026, Petitioner filed a Reply in
26  Support of the Petition (the "Reply"). (Dkt. 10.) The parties have consented to
27  proceed before the undersigned U.S. Magistrate Judge for all purposes. (Dkts. 7, 12,
28  13.) For the reasons set for the below, the Court directs Respondents to release

Petitioner from custody if they do not provide her with a bond hearing within seven days.

## II.

## SUMMARY OF PETITIONER'S CLAIMS

Petitioner asserts two claims for relief. (Dkt. 1 at 5-10.) In Count One, Petitioner contends that Respondents deprived Petitioner of her liberty without procedural protections required by the Due Process Clause of the Fifth Amendment when they re-arrested and detained her without providing a pre-deprivation hearing. (Id. at 5.) Specifically, Petitioner contends that she was entitled to a pre-deprivation hearing before a neutral adjudicator to determine whether circumstances had materially changed since her release in the fall of 2024 under the OROR, such that changes to the terms of her conditional release would now be warranted. (Id.) In Count Two, Petitioner contends that Respondents deprived her of her liberty without any legitimate purpose in violation of her substantive due process rights under the Fifth Amendment. (Id. at 9.) Specifically, Petitioner contends that there is no legitimate purpose to detain her because she is not a risk of flight or danger to the community, and there is no reason for the departure from her prior OROR. (Id. at 10.) Petitioner further contends that here are compelling public interests warranting her release from custody. (Id.)

Based on these claims, Petitioner seeks an order that she not be transferred outside of this judicial district while the action is pending. (Id. at 11.) Petitioner further seeks an order to show cause why the Petition should not be granted. (Id.) Petitioner seeks a writ of habeas corpus directing Respondents to release her from custody and reinstate her OROR with the same conditions in place at the time of her re-detention. (Id.) Finally, Petitioner seeks a writ of habeas corpus enjoining Respondents from re-detaining Petitioner unless her re-detention is ordered at a custody hearing before a neutral arbiter in which the government bears the burden of

proving, by clear and convincing evidence, that she is a flight risk or danger to the community. (Id.)

## III.
## ANALYSIS

Respondents concede that Petitioner is at least entitled to a bond hearing before a neutral immigration judge pursuant to 8 U.S.C. § 1226(a). (Dkt. 2 at 2.) Respondents simply ask this Court to order conditional release such that Respondents have 7 days to either provide a bond hearing or release Petitioner. (Id.) The Court acknowledges that Petitioner seeks more than conditional release subject to Respondents providing a bond hearing within 7 days and instead seeks immediate release on the same conditions that existed immediately prior to her re-detention. (Dkt. 10 at 2.) The Court is currently reviewing Petitioner's claims and will promptly rule on any claim that remain in the action. However, in light of Respondents' concession that Petitioner is at least entitled to a bond hearing, the Court will order that interim relief now so that Petitioner's liberty interest can be vindicated as quickly as possible. The Court notes that there is no evidence in the record suggesting that Petitioner would be found to be a flight risk or danger to the community at a bond hearing before a neutral immigration judge. Indeed, Petitioner has no criminal history. (Dkt. 1-2 at 3, 28.) The Court retains jurisdiction over Petitioner's remaining claims and will further adjudicate them as necessary after Respondents comply with this Order.

\\

\\

\\

|    |                                                                                              |
|----|----------------------------------------------------------------------------------------------|
| 1  | **IV.**                                                                                      |
| 2  | **CONCLUSION**                                                                               |

Respondents shall release Petitioner from custody and reinstate her OROR with the same conditions in place at the time of her re-detention unless Respondents provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven (7) days of the date of this Order. Respondents shall file a notice of compliance informing the Court how they complied with this Order no later than eight (8) days from the date of this Order. The Court will then rule on any claim that is not moot.

IT IS SO ORDERED.

DATED: March 11, 2026

_____
HON. A. JOEL RICHLIN
UNITED STATES MAGISTRATE JUDGE